# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

JOSEPH MICHAEL DEVON ENGEL,     )
                                  )
               Plaintiff,        )
                                  )
        v.                  )          No. 4:20-CV-1919 AGF
                                  )
CO1, et al.,                    )
                                  )
                                  )
               Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Joseph Michael Devon Engel's self-represented complaint. For the reasons discussed below, the Court will order plaintiff to file a signed, amended complaint on a Court-provided form.  Plaintiff will also be directed to either file a motion to proceed *in forma pauperis* on a Court-provided form or pay the full $402 filing fee. Plaintiff will have twenty-one (21) days to comply with this Memorandum and Order.

### Complaint

Plaintiff, who identifies himself as a sovereign citizen, is a self-represented litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. The instant complaint is one of more than one hundred and thirty (130) civil rights actions that plaintiff has recently filed in this Court pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint is handwritten on two pages of notebook paper. He brings this action against the following defendants: CO1; CO2; Sg. Wells; LT; Captil; Corpel; Caseworker; Caseworker; FUM; CCA; Assist Superintendent; Superintendent; Assist Warden; Warden; IPO

ERDCC; Director P&P; Assist Director P&P; Assist Att General; Att General; MODOC; ERDCC; LT Governer; and Governer.[1] He sues defendants in their official and individual capacities.

Plaintiff alleges his claims in their entirety as follows:

This is the meal loaf they keep giving me[.] [T]hey know something is serious[ly] wrong with me. Dr. Ferguson told them not to give me nomore [sic] of that meal loaf[.] [T]hey do. I can't do it[.] [I]t's killing me. I [am] puking blood [and] shitting blood. Don't feel good at all. [T]hese things been sitting in the frezzer [sic] for months no good. They smell and look like dog food. Discolored. Not right for human consump[tion].

ECF No. 1 at 2. Plaintiff provides no additional facts and does not indicate the relationship between the defendants and his statement of the claim. For example, plaintiff does not explain how defendants, such as the Governor, Attorney General, and Warden, were directly involved in or personally responsible for the meals he received during incarceration or that they were aware of any dangers to his health as a result of the food.[2]

Plaintiff describes his injuries as "Health, Mental, Rights, Civil Lib[]erty Rights, PTSD, Mind Raping." *Id.* at 1. For relief in this action, plaintiff lists each defendant and requests a separate, arbitrary amount from each individual or entity spanning from "5 Trillion" to "250 Trillion" dollars. For example, plaintiff seeks "250 Trillion" from the Governor, a total of "15 Trillion" from two unnamed correctional officers, and "230 Trillion" from the ERDCC. *Id.* at 2. Plaintiff also seeks full scholarships for all of Ms. Hoewell's children. It is unclear from the

---

[1] The Court has listed the defendants in the same manner in which plaintiff has spelled and/or abbreviated their names in the handwritten complaint.

[2] Liability under 42 U.S.C. § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights.  As a result, the complaint fails to state a claim upon which relief can be granted.

complaint who Ms. Hoewell is and how she has any connection to this action or entitlement to relief based on plaintiff's claims.[3]

Plaintiff has failed to file this action on a court-form, and he has failed to file a motion to proceed *in forma pauperis* on a separate court form or file an accompanying prison account statement.

### Discussion

Plaintiff's complaint is deficient as pled. The complaint is not on a court-form as required by Local Rule 2.06(A). Additionally, as pled, the complaint is subject to dismissal at this time as plaintiff has not sufficiently pled how his rights were violated and who purportedly violated his rights.

Because plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief.  He must put his case number on his amended complaint. Plaintiff should type or neatly print his complaint on the Court's prisoner civil rights form, which will be provided to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").  In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a

---

[3] Plaintiff's bizarre request to recover thousands of trillions of dollars in damages from more than a dozen individuals and entities as well as a grant of scholarships to an individual with no apparent connection to this action based on conclusory allegations appears to be "clearly baseless" under the standard articulated in *Denton v. Hernandez*, 504 U.S. at 25, 31-33 (1992). Consequently, the complaint is subject to dismissal for this reason, as well.

single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. *See Madewell*, 909 F.2d at 1208 ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can know what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted). The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended

4

complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Finally, plaintiff has neither paid the $402 filing fee, nor sought leave to proceed without the prepayment of fees or costs by filing the appropriate Court-provided application.  If plaintiff files a motion to proceed *in forma pauperis*, it must be accompanied by a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint. Also, if plaintiff files such a motion, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to comply with this Order, the Court may dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's motion to proceed *in forma pauperis* form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or file a motion to proceed *in forma pauperis* within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff files a motion to proceed *in forma pauperis*, he must also file a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**If plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 29th day of January, 2021.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE